# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH KALFSBEEK CHARTER,<br>      Plaintiff,<br><br>      v.<br><br>FCA US, LLC, et al.,<br>      Defendants. | CV 21-2799 DSF (AGR)<br><br>Order GRANTING Plaintiff's Motion to Remand (Dkt. 12) |

Plaintiff Elizabeth Kalfsbeek Charter moves to remand this case. Dkt. 12 (Mot.). Defendant FCA US LLC opposes. Dkt. 16 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 24, 2021 is removed from the Court's calendar. For the reasons stated below, the motion is GRANTED.[1]

## I. BACKGROUND

On February 28, 2020, Kalfsbeek Charter brought this action in Los Angeles County Superior Court. Dkt. 1 (Notice of Removal) ¶ 2. Her first amended complaint alleged claims for a violation of California Civil Code sections 1793.2(b), (d), and (A)(3); breach of express written warranty in violation of California Civil Code sections 1791.2(a) and 1794; breach of the implied warranty of merchantability, California Civil Code sections 1791.1, 1794, and 1795.5; fraud by omission; and

---

[1] The Court GRANTS Kalfsbeek-Charter's unopposed request for judicial notice in support of her motion, dkt. 13, but did not rely on any of the decisions Kalfsbeek-Charter sought notice of in reaching its decision.

violation of the Consumer Legal Remedies Act, California Civil Code sections 1750, et seq., Dkt. 1-4.

Kalfsbeek Charter originally brought the action against FCA and Defendant Hanlees Chrysler Dodge Jeep Ram Kia. Notice of Removal ¶ 1. On March 5, 2021, Kalfsbeek Charter dismissed Hanlees. Id. ¶ 5. Because Hanlees was a California entity, complete diversity did not previously exist, id. ¶ 7, but FCA asserts there is now complete diversity, id. ¶ 10. On April 1, 2021, FCA removed the case to federal court based on diversity of citizenship. Id. Kalfsbeek Charter now moves to remand the action to state court.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Kalfsbeek Charter moves to remand the case to state court because FCA's "Notice of Removal fails to *meet its heavy burden* of showing the amount in controversy satisfies the federal jurisdictional threshold, or that the bad faith exception to the one-year limit on removal is applicable." Mot. at 1. The Court agrees FCA has not met its burden of showing Kalfsbeek Charter acted in bad faith because she brought claims against Hanlees from the outset of the case, had a basis for believing she had a genuine claim against Hanlees, intended to take discovery from Hanlees, and had a legitimate, good faith reason for dismissing Hanlees from the action at the time she did.

A diversity case where the initial pleading is not removable "may not be removed more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 18 U.S.C. § 1446(c)(1); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998) (only a case that "becomes removable sometime after the initial commencement of the action" is "barred by the one-year exception"); NKD Diversified Enters., Inc. v. First Mercury Ins. Co., No. 1:14-CV-00183-AWI, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) ("[T]he one year limitation [is] procedural and can be excused upon a showing of bad faith."), report and recommendation adopted, No. 1:14-CV-00183-AWI, 2014 WL 2619599 (E.D. Cal. June 6, 2014). The bad faith exception was added to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court. See Heller v. Am. States Ins. Co., No. CV 15-9771 DMG (JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).

Although section 1446(c)(1) prevents a plaintiff from acting in bad faith to avoid federal jurisdiction, "it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). Accordingly, courts strictly construe a defendant's ability to remove a case from state court to federal court. Provincial Gov't of Marinduque, 582 F.3d at 1087. In the context of awarding sanctions, the Ninth Circuit has determined that bad faith "carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings." Escalante v. Burlington Nat. Indem., Ltd., No. 2:14-CV-7237-ODW, 2014 WL 6670002, at *3 (C.D. Cal. Nov. 24, 2014) (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) and Hutto v. Finney, 437 U.S. 678, 689 n. 14 (1978)). "The presumption against removal, coupled with Ninth Circuit precedent holding that bad faith in the sanctions context is a high burden, leads the Court to conclude that defendants face a high burden to demonstrate that a plaintiff acted in bad faith to

prevent removal." Heacock v. Rolling Frito-Lay Sales, LP, No. C16-0829-JCC, 2016 WL 4009849, at *2-3 (W.D. Wash. July 27, 2016) (citing Heller, 2016 WL 1170891, at *2).

The Ninth Circuit has "yet to address the applicable standard for the bad faith exception under section 1446(c)." Heller, 2016 WL 1170891, at *2. In determining whether a plaintiff acted in bad faith, district "courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in 'any capacity' against a non-diverse defendant before dismissal." Torres v. Honeywell, Inc., No. 2:20-CV-10879-RGK-KS, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021) (citing Heacock, 2016 WL 4009849, at *3 and Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014)). Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) "strongly suggest[s] intentionality and purpose." Aguayo, 59 F. Supp. 3d at 1266.

Several factors weigh in favor of a finding of bad faith. First, Kalfsbeek Charter dismissed Hanlees from the case one year and five days after filing the case. Dkts. 1-2 (Stewart Decl.) ¶¶ 4, 12; 1-4. The dismissal was 4 months after Hanlees filed its motion to compel arbitration. Stewart Decl. ¶ 12. This timing could suggest bad faith retention of Hanlees as a defendant solely for jurisdictional purposes. Second, Kalfsbeek Charter "propounded voluminous written discovery" on FCA, served a notice of deposition of the person most knowledge and demand for production of documents on FCA, and moved to compel further responses regarding its demand for production of documents from FCA. Id. ¶ 9; dkts. 1-27-32. The failure to serve any discovery on Hanlees weighs in favor of a finding of bad faith.

But other factors weigh against a finding of bad faith. First, Hanlees was named as a defendant from the outset of the case. See Heacock, 2016 WL 4009849, at *3 (citing NKD Diversified Enters., 2014 WL 1671659, at *4) (noting adding a non-diverse defendant in response to an attempt to remove an action, and subsequently

4

dismissing the defendant shortly after the deadline for removal expired, supported a finding of bad faith).

Second, although Kalfsbeek Charter had not yet taken any discovery from Hanlees at the time of dismissal, its filings in the superior court case indicate it intended to depose Hanlees' technicians. Aguayo, 59 F. Supp. 3d at 1275 (noting that while discovery is often the most relevant factor, "the plaintiff can satisfy the standard even if he or she did not take discovery if he or she engaged in any other form of active litigation"). In preparation for a June 30, 2020 case management conference, Kalfsbeek Charter stated it propounded written discovery on and noticed the PMQ deposition for FCA, but still needed to schedule the dealership technician depositions. Dkt. 1-14 at 4. At the June 30, 2020 status conference, the court ordered the parties to complete mediation by March 30, 2021 and set the final status conference for May 3, 2021 in preparation for trial on May 24, 2021. Dkt. 1-17 at 2. On March 10, 2021, the parties stipulated to continue the trial date to August 23, 2021 because all parties had outstanding discovery. Dkt. 1-44 at 2-3. Kalfsbeek Charter still had ample time to depose Hanlees' technicians when FCA removed the case, and her filings support that she intended to do so. Heacock, 2016 WL 4009849, at *4 (noting that while plaintiff's discovery practice suggest one of the defendants was the primary defendant and plaintiff may have been motivated in part by a desire to stay in state court, the minimal discovery efforts prevented a finding that the desire to remain in state court was the but-for cause of naming a defendant).

Third, Kalfsbeek Charter demonstrated a legally viable basis for bringing claims against Hanlees. Other district courts have recognized there is a "growing body of case law" supporting "that local dealerships can be liable to plaintiffs who assert negligent repair claims." Valenciano v. FCA US LLC, No. CV 20-03197-CJC (ASx), 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020). Although Kalfsbeek Charter's allegations against Hanlees in the complaint are not detailed, she had a valid basis for believing she had a claim against Hanlees. Miranda v. FCA US, LLC, 497 F. Supp. 3d 880, 884 (E.D. Cal. 2020) (collecting cases finding the bad faith exception does not apply where the plaintiff

could include more specific or detailed allegations in an amended complaint).

Fourth, Kalfsbeek Charter had a valid reason for dismissing Hanlees. Kalfsbeek Charter states she dismissed Hanlees because the ruling in Felisilda v. FCA US LLC, 53 Cal. App. 5th 486 (2020), review denied (Nov. 24, 2020), which was issued on July 24, 2020, convinced her to dismiss her claims against Hanlees, who was a signatory to the sales contract, so as to avoid arbitration of the entire case, including the claims against FCA. Mot. at 7. Kalfsbeek Charter has not offered any other reason for dismissal. Heacock, 2016 WL 4009849, at *3 (citing Heller, 2016 WL 1170891, at *3) ("[B]ad faith was found when a plaintiff offered inconsistent explanations as to why a defendant was not dismissed earlier in the litigation.")

FCA replies, "[t]he operative finding in Felisilda is that plaintiffs may be ordered to arbitrate their claims against a vehicle manufacturer, despite the manufacturer being a non-signatory to the RISC. It is unclear how this ruling relates to Plaintiff's decision to dismiss Hanlees, an automotive dealership and also a signatory to the RISC." Opp'n at 16. But two recent district court decisions distinguished Felisilda because the cases involved suits against only the manufacturer, not the manufacturer and the dealer. See Nation v. BMW of N. Am., LLC, No. 2:20-cv-02709-JWH (MAAx), 2020 WL 7868103, at *4 (C.D. Cal. Dec. 28, 2020) ("But Felisilda is not directly on point, because the Felisildas sued both the manufacturer ***and*** the dealer. Nation, on the other hand, sued only BMW NA. Felisilda, therefore, does not change state law that directly controls this case."); Ruderman v. Rolls Royce Motor Cars, LLC, No. 2:20-cv-04529-JWH (RAOx), 2021 WL 141179, at *4 (C.D. Cal. Jan. 7, 2021) (same). Those cases are analogous to this case, in which FCA is not a signatory to the sales contract. Dkt. 12-2 ¶ 7. In combination with the other factors, and without prying into Kalfsbeek Charter's counsel's litigation strategy, this explanation was a rational reason to dismiss the signatory to the sales contract to attempt to avoid arbitration of the entire matter. See Aguayo, 59 F. Supp. 3d at 1275-76 ("[T]he Court

6

does not want to open the plaintiff up to intrusions into its attorneys' strategy").

Fifth, Kalfsbeek Charter offered a valid explanation for the timing of the dismissal. Kalfsbeek Charter dismissed Hanlees the same day her opposition to Hanlees' motion to compel arbitration was due. Stewart Decl. ¶ 7. The opposition due date was based on the hearing FCA itself selected – March 18, 2021. Id. ¶ 10. This timing makes sense, given the arbitration's role in Kalfsbeek Charter's decision to dismiss, and suggests jurisdiction was not the primary reason why she dismissed Hanlees on this date. See Heacock, 2016 WL 4009849, at *4 ("Heacock may not have been motivated by a desire to collect damages from Tally, but instead in part by a desire to remain in state court. However, the evidence presented by Frito Lay does not demonstrate that this desire was the but-for cause of his actions. Thus, Frito Lay's assertions do not elevate Heacock's actions to bad faith under the Aguayo court's broadly construed, active litigation standard."); Heller, 2016 WL 1170891, at *3 (citing Escalante, 2014 WL 6670002) ("[C]ourts have remanded where delays can be reasonably explained.").

Accordingly, FCA has not met the "strict standard" that is satisfied "when a plaintiff failed to actively litigate a claim against a defendant *in any capacity*." Heacock, 2016 WL 4009849, at *3. FCA has not overcome its burden of demonstrating Kalfsbeek Charter acted in bad faith, particularly given the strong presumption against removal. NKD Diversified Enters., 2014 WL 1671659, at *3-4. The removal of the case is thus barred by the one-year limitation on removal. The motion to remand is therefore GRANTED.

### IV. CONCLUSION

Because (1) Hanlees was named as a defendant from the outset of the case, (2) the record demonstrates Kalfsbeek Charter intended to depose Hanlees' technicians, (3) Kalfsbeek Charter had a legitimate basis for believing it had a valid claim against Hanlees, (4) Kalfsbeek Charter offered a reasonable explanation for dismissing Hanlees, and

7

(5) Kalfsbeek Charter had a valid reason for the timing of dismissal, FCA has not met its burden of demonstrating the bad faith exception to the one-year limitation on removal. Kalfsbeek Chater's motion to remand is GRANTED. The case is REMANDED to the Superior Court of the State of California, County of Los Angeles.

IT IS SO ORDERED.

Date: May 19, 2021

Dale S. Fischer
United States District Judge